33 C.C.P.A.(Patents)

## In re MULHOLLAND.

### Patent Appeal No. 5165.

Court of Customs and Patent Appeals.

June 27, 1946.

Ernest F. Mechlin, of Washington, D. C. (Ritter, Mechlin & Muir, of Washington D. C., of counsel), for appellant.

W. W. Cochran, of Washington D. C. (H. S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

GARRETT, Presiding Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims (Nos. 1 to 7, inclusive) in appellant's application for a patent for an alleged invention relating to improvements in a machine for roughening the surface of a sheet of fibrous material such as cloth or paper.

Claim 4 is sufficiently illustrative of the appealed claims. It reads:

"4. A machine for imparting a roughened appearance to the surface of non-metallic fibrous materials comprising an abrasive roll having its peripheral portion provided with abrasive grains bonded in inorganic material, a pivoted beam, a back-up roll journaled on said beam adapted to press the fibrous material against the abrasive roll, means for equally spacing the surfaces of said rolls at all corresponding points along the periphery thereof, fluid pressure means cooperable with the beam for inducing pivotal movement thereof to cause the back-up roll to move toward the abrasive roll and thus press the fibrous material against the latter, an adjustable stop limiting movement of the back-up roll toward the abrasive roll, said fluid pressure means controlling the pressure exerted on the fibrous material by said rolls and being adapted to subject the fibrous material to uniform pressure independent of the position the back-up roll occupies with respect to the abrasive material, means on one side

of said rolls for feeding said fibrous material to the space between said rolls, means on the opposite side of said rolls for windingly receiving said material, and means interposed between said feeding means and said rolls for spreading the material prior to the operation thereon by said abrasive roll."

The references of record are: Mulholland 2,187,462 Jan. 16, 1940; Curtin 2,253,558 Aug. 26, 1941.

The machine disclosed by appellant's application and defined in the appealed claims comprises a so-called "back-up roll," over which a sheet of fibrous material passes, and an "abrasive roll" which roughens the surface of the sheet as it passes over the back-up roll. The back-up roll is mounted on a pivoted frame and as the frame is urged upwardly by diaphragms which are acted on by fluid under pressure, the back-up roll forces the sheet of fibrous material against the abrasive roll, the sheet thus being gripped between the two rolls. The fluid pressure is kept constant. Accordingly, the pressure which the rolls exert on the sheet remains the same regardless of variations in the thickness of the sheet. Adjustable stops are provided which normally limit the movement of the back-up roll and prevent it from moving into contact with the abrasive roll in the event the sheet breaks or is otherwise pulled out from between the rolls. Should the back-up roll become roughened, the stops may be rendered inoperative so that the abrasive roll may be used to smooth the surface of the back-up roll.

In the operation of appellant's machine, the fibrous material to be roughened is unwound from a supply drum and passed over a spreader roll which serves to remove wrinkles or creases therefrom. From the spreader roll, the material passes between the abrasive roll and the back-up roll where it is roughened and the roughened material is wound on another drum or roller for storage or shipment.

The Board of Appeals held that the appealed claims were unpatentable over the disclosure in the patent to Mulholland in view of the disclosure in the patent to Curtin.

The Mulholland patent was issued to appellant on January 16, 1940, more than three years prior to the filing of his involved application.

The patent to Mulholland relates to a machine for polishing metal sheets, and discloses an apparatus in which the sheets are passed between an "abrasive" or "polishing roll" and a "back-up roll' similar to those of the present application. The back-up roll is mounted on a pivoted frame and is urged toward the abrasive roll by fluid pressure actuated means. Adjustable stops are also provided to prevent the actual engagement of the rolls.

The patent to Curtin relates to a machine for roughening cloth, and discloses an "abrasive drum" or roll and a "pressure roller" or back-up roll between which the cloth passes, the back-up roll being yieldingly urged by springs toward the abrasive roll. The cloth to be roughened is unwound from a supply roll and passed over a spreader plate which smooths it before it passes between the abrasive and back-up rolls. After leaving those rolls, it is folded and piled on a truck.

The Board of Appeals was of opinion that, in view of Curtin's disclosure of the use of an assembly of abrasive and back-up rolls similar to those of the Mulholland patent for the roughening of cloth, there would be no invention in using the specific assembly shown by the Mulholland patent for the same purpose, and in adjusting the pressure on the rolls and providing sheet feeding and delivery means such as are shown by Curtin.

Counsel for appellant argue that the polishing of metal sheets and the roughening of sheets of cloth or paper are nonanalogous arts.

We are not in accord with that contention of counsel. The basic problem in each case is the same, namely, the feeding of a sheet of material against an abrasive roll and the proper supporting of the material while the roll acts on it. The degree of pressure and the speed of the rolls would naturally be adapted to the character of the material being operated on. We are unable to hold, therefore, that the machine

disclosed in the patent to Mulholland and the machine defined by the appealed claims are in nonanalogous arts.

In their brief, counsel for appellant stress the limitation in the claims "means for equally spacing the surfaces of said rolls [abrading and back-up rolls] at all corresponding points along the periphery thereof," and allege that the abrasive and back-up rolls of the Mulholland patent can never contact each other for grinding the back-up roll, because the adjustable stops of the patented device cannot be removed as can those of the device disclosed in appellant's involved application.

None of the appealed claims states that the stops can be removed or that the abrasive and back-up rolls are to be brought into contact with each other. The means for spacing the rolls in appellant's patent are substantially the same as those in the involved application, namely, the pivoted frame on which the back-up roll is mounted, the fluid pressure responsive means which act on that frame, and the adjustable stops which limit the movement of the frame. Accordingly, as stated by the board, the appealed claims present no structural distinction over the Mulholland patent in that respect. The method by which the abrasive roll is formed is not, as appears to be suggested in the brief of counsel for appellant, included in the claims on appeal.

We are of opinion that the appealed claims are not patentable over the references of record.

Counsel for appellant further argue that the application here involved is a continuation in part of an early application, filed January 14, 1941, and that, in view of that fact, the Mulholland patent is not a proper reference.

Appellant's earlier application, relied upon by counsel, has not been included in the record before us and, accordingly, cannot be considered. See In re De Lany, 46 F.2d 370, 18 C.C.P.A., Patents, 924; In re Britton, 115 F.2d 249, 28 C.C.P.A., Patents, 726; Vickery v. Barnhart, 118 F.2d 578, 28 C.C.P.A., Patents, 979.

In acting on a petition for reconsideration of its original decision, the board, in addition to holding that the appealed claims were unpatentable over the references of record, apparently held that the allowance of those claims in the involved application would amount to double patenting in view of the claims of the Mulholland patent. However, in view of the conclusion we have reached, it is unnecessary for us to consider the question of double patenting.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.